**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

07 MAR 26 PM 2: 30

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀C．．⣀⣀⣀⣀
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀IСТ COURT
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀WESTERN DISTRICT MICH

BY_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀Civil Action No.:⠀⠀**1 8 0 7 CV0 3 1 4**

v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Honorable⠀⠀⠀⠀Robert Holmes Bell

MURK'S VILLAGE MARKET⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Chief, U.S. District Judge

⠀⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀⠀COMPLAINT AND JURY
_____/⠀⠀TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Gwyneth Brown, who was adversely affected by such practices. The EEOC alleges that Defendant, Murk's Village Market ("Defendant"), failed to accommodate Brown's religious beliefs, resulting in Brown's discharge from the company.

## JURISDICTION AND VENUE

1.⠀⠀Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII") , and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.     The employment practices alleged to be unlawful were committed primarily in South Haven, Michigan within the jurisdiction of the United States District Court for the Western District.

3.     Plaintiff, the Equal Employment Opportunity Commission, ("EEOC" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a corporation doing business in Michigan and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.     More than thirty (30) days prior to the institution of this lawsuit, Gwyneth Brown, filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least June 2006, Defendant Employer has engaged in unlawful employment practices at its South Haven, Michigan facility in violation of Section 703(a), 42 U.S.C. § 2000e-2(a). The unlawful employment practice consists of failing to accommodate Brown's sincerely held religious belief, thereby resulting in her discharge.

8.     The effect of the unlawful conduct complained of in paragraph 7, above, has been to deprive Brown of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

2

9. The unlawful employment practices complained of in paragraph 7, above, were and are intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were done with malice or with reckless indifference to the federally protected rights of Brown.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in religious discrimination and any other employment practice which discriminates on the basis of religion;

B. ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals whose sincerely held religious beliefs require adherence to a dress code, including providing reasonable deviation from a dress code as an accommodation;

C. ORDER Defendant Employer to make whole Gwyneth Brown by providing reinstatement and appropriate monetary relief, in the form of compensatory damages in the amounts to be proven at trial;

D. ORDER Defendant Employer to pay Gwyneth Brown punitive damages for its malicious or reckless conduct described in paragraph 7, above, in amounts to be proven at trial;

E. GRANT such further relief as the Court deems necessary and proper in the public interest; and

F. AWARD the Commission its costs for this action.

3

## JURY TRIAL DEMAND

1.     The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Respectfully submitted,

LAURIE A. YOUNG
Regional Attorney

NEDRA D. CAMPBELL (P58768)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 226-3410

March 22, 2007

4